971 So.2d 401 (2007)
Michael BENNETT
v.
RYDER TRUCK RENTAL, INC.
No. 07-CA-220.
Court of Appeal of Louisiana, Fifth Circuit.
October 30, 2007.
Kevin A. Rieth, Attorney at Law, New Orleans, LA, for Plaintiff/Appellant.
Steven B. Rabalais, Joan Wallace, Rabalais, Hanna & Hebert, Lafayette, LA, and Guy D. Perrier, Rodney J. Lacoste, Jr., Michael J. Gautier, Jr., Perrier & Lacoste, LLC, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and FREDERICKA HOMBERG WICKER.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Michael Bennett, plaintiff-appellant, from a judgment sustaining an exception of prescription urged by Ryder Truck Rental, Inc., defendant-appellee, and Sentry Insurance, intervenor-appellee. For the following reasons we set aside that judgment and remand the matter to the district court for further proceedings.
*402 The issue here is whether plaintiff's counsel complied with the requirements of La. R.S. 13:850, relating to facsimile filing of a petition. The undisputed facts are these. Plaintiff's action against Ryder was to prescribe on July 24, 2004, a Saturday. On Friday, July 23, 2004, his counsel filed with the Jefferson Parish Clerk of Court by facsimile transmission an original petition in this matter. The Clerk docketed the petition as No. 609-982, and duly sent counsel a receipt which set forth a filing fee of $255, representing $250 for filing and $5 for the transmission fee. That document had a notation stating simply "[p]lease enclose this acknowledgement when the original pleading is filed." On Wednesday, July 28, 2004, counsel filed the original signed petition with the Clerk and tendered his check for $255. He failed, however, to attach the acknowledgement or to inform the receiving clerk that this was a facsimile filing. As a result, the case was docketed as No. 610-155. Of the $255, the first $250 was applied to the regular filing fee, and a credit of $5 was entered on counsel's behalf. Two days later, on Friday, July 30, 2004, the Clerk's office noted that the original petition had not been filed in case No. 609-982, and telephoned counsel's office to inquire about the faxed petition. The Clerk's office was then informed that the original petition had indeed been filed and the appropriate fees paid. On further inquiry, the Clerk's office discovered what had happened, but on advice of counsel a decision was made not to change any of the paperwork.
The case bearing No. 610-155 proceeded in district court, and Ryder and Sentry urged an exception of prescription. They argued that because No. 610-155 was not filed until July 28, 2004, the claim had prescribed on its face. The trial court agreed and sustained the exception. This appeal followed.
The applicable facsimile filing statute is La. R.S. 13:850. That statute requires that for a document sent to the clerk by facsimile transmission to have force or effect, the sender must within five days, exclusive of legal holidays forward to the clerk:
1) The original signed document.
2) The applicable filing fee, if any.
3) A transmission fee of five dollars.
As the above facts show, counsel complied with all three requirements. The facts that the clerk assigned a second case number to the original signed petition and showed the $5 transmission fee as a credit are of no consequence to the force and effect of the document filed by facsimile transmission. We finally note that the statute provides that the district courts may provide by rule for other matters related to facsimile filings. It was suggested at the hearing that the instruction on the Clerk's filing acknowledgement form that the litigant present that form when submitting the original signed document was a rule instituted by the clerk pursuant to the statute. However, there was no showing that such a rule was ever instituted by the courts. We thus deem this argument to be without merit.
Based on the above undisputed facts, we hold that plaintiff's counsel complied with the statute in timely presenting to the Clerk the original signed document and tendering both the filing fee and the facsimile transmission fee, and that the July 23, 2004, facsimile transmitted document interrupted prescription on the claim. In this circumstance it was error for the district judge to sustain the exception of prescription. We therefore vacate the judgment and remand the matter for further proceedings.
*403 JUDGMENT VACATED, REMANDED FOR FURTHER PROCEEDINGS.